UNITED STATES DISTRICT COURT
for the
DISTRICT OF RHODE ISLAND

URSULA GLAB, INDIVIDUALLY AND AS THE DULYAPPOINTED ADMINISTRATRIX OF THE ESTATE OF JANUSZ GLAB, NICOLE GLAB, and MAYA COLLEEN GLAB,
Plaintiffs

V.

VER, INC., DANIEL J. RYAN, WHEELHOUSE TAVERN, LLC, and GALILEE HOLDINGS, LLC,
Defendants

[redacted] 05 289ML

Civil Action

No. ________________

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

Now come the Plaintiffs in the above-entitled matter and say:

The parties

1. The Plaintiff, Ursula Glab, is the duly appointed administratrix of the Estate of Janusz Glab, and is a resident of Scarborough, Maine.

2. The Plaintiff was the wife of Janusz Glab.

3. The Plaintiff brings this action individually, on behalf of the Estate of Janusz Glab, and on behalf of the beneficiaries of the Estate of Janusz Glab, as designated in R.I. Gen. Law §10-7-2.

4. The Plaintiff, Nicole Glab, was the daughter of Janusz Glab, and is a resident of Scarborough, Maine.

5. The Plaintiff, Maya Colleen Glab, was the daughter of Janusz Glab, and is a

resident of Scarborough, Maine.

6. The Defendant, VER, Inc., is a corporation, organized and existing under the laws of the state of Rhode Island.

7. The Defendant, Daniel J. Ryan, is a resident of Charlestown, Rhode Island.

8. The Defendant, Wheelhouse Tavern, LLC, is a limited liability corporation, organized and existing under the laws of the state of Rhode Island.

9. The Defendant, Galilee Holdings, LLC, is a limited liability corporation, organized and existing under the laws of the state of Rhode Island.

The restaurants and liquor licenses – ownership, operation and control

10. On January 19, 2004, the Defendant, VER, Inc., owned the restaurant Finback's in Narragansett, Rhode Island.

11. On January 19, 2004, the Defendant, VER, Inc., operated the restaurant Finback's in Narragansett, Rhode Island.

12. On January 19, 2004, the Defendant, VER, Inc., controlled the restaurant Finback's in Narragansett, Rhode Island.

13. On January 19, 2004, the Defendant, VER, Inc., owned the alcoholic beverage retail license for the restaurant Finback's in Narragansett, Rhode Island.

14. On January 19, 2004, the Defendant, Daniel J. Ryan, owned the restaurant Finback's in Narragansett, Rhode Island.

15. On January 19, 2004, the Defendant, Daniel J. Ryan, operated the restaurant Finback's in Narragansett, Rhode Island.

16. On January 19, 2004, the Defendant, Daniel J. Ryan, controlled the restaurant

Finback's in Narragansett, Rhode Island.

17. On January 19, 2004, the Defendant, Daniel J. Ryan, owned the alcoholic beverage retail license for the restaurant Finback's in Narragansett, Rhode Island.

18. On January 19, 2004, the Defendant, Wheelhouse Tavern, LLC, owned the restaurant Wheelhouse Tavern in Narragansett, Rhode Island.

19. On January 19, 2004, the Defendant, Wheelhouse Tavern, LLC, operated the restaurant Wheelhouse Tavern in Narragansett, Rhode Island.

20. On January 19, 2004, the Defendant, Wheelhouse Tavern, LLC, controlled the restaurant Wheelhouse Tavern in Narragansett, Rhode Island.

21. On January 19, 2004, the Defendant, Wheelhouse Tavern, LLC, owned the alcoholic beverage retail license for the restaurant Wheelhouse Tavern in Narragansett, Rhode Island.

22. On January 19, 2004, the Defendant, Galilee Holdings, LLC, owned the restaurant Wheelhouse Tavern in Narragansett, Rhode Island.

23. On January 19, 2004, the Defendant, Galilee Holdings, LLC, operated the restaurant Wheelhouse Tavern in Narragansett, Rhode Island.

24. On January 19, 2004, the Defendant, Galiliee Holdings, LLC, controlled the restaurant Wheelhouse Tavern in Narragansett, Rhode Island.

25. On January 19, 2004, the Defendant, Galilee Holdings, LLC, owned the alcoholic beverage retail license for the restaurant Wheelhouse Tavern in Narragansett, Rhode Island.

<u>The service of alcoholic beverages</u>

26. On the evening of January 19, 2004, Janusz Glab was served alcoholic beverages

at Finback's.

27. On the evening of January 19, 2004, Janusz Glab was visibly intoxicated when he was served alcoholic beverages at Finback's.

28. On the evening of January 19, 2004, Janusz Glab was served alcoholic beverages at the Wheelhouse Tavern.

29. On the evening of January 19, 2004, Janusz Glab was visibly intoxicated when he was served alcoholic beverages at the Wheelhouse Tavern.

The death of Janusz Glab

30. At some point during the evening of January 19, 2004 or the morning of January 20, 2004, after leaving Finback's and the Wheelhouse Tavern, Janusz Glab fell into the water while walking through or along the Town Dock in Galilee, Rhode Island.

31. At some point during the evening of January 19, 2004 or the morning of January 20, 2004, after leaving Finback's and the Wheelhouse Tavern, Janusz Glab drowned.

32. On January 20, 2004, the body of Janusz Glab was recovered from the water in the area of the Town Dock.

33. On January 20, 2004, Janusz Glab was pronounced dead.

34. At the time of his death, Janusz Glab had a blood alcohol concentration of 206 mg/dl.

35. Prior to his death, Janusz Glab was exercising due care.

Jurisdiction

36. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332, in that the parties are citizens of different states and the matter in controversy exceeds the

sum or value of $75,000.00, exclusive of interest and costs.

COUNT I

Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab v. VER, Inc.

(WRONGFUL DEATH – PECUNIARY DAMAGES)

37. The Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, reiterates the allegations set forth in paragraphs 1 through 36 above.

38. On January 19, 2004, the Defendant, VER, Inc., through its agents and employees, recklessly served liquor to Janusz Glab at Finback's.

39. On January 19, 2004, the Defendant, VER, Inc., through its agents and employees, intentionally served liquor to Janusz Glab when its servers knew that Janusz Glab was visibly intoxicated, and its servers consciously disregarded an obvious and substantial risk that serving liquor to Janusz Glab would cause physical harm to Janusz Glab or to others.

40. As a proximate result of VER, Inc.'s reckless service of liquor to Janusz Glab on January 19, 2004, Janusz Glab was caused to drown.

41. As a proximate result of the reckless service of liquor to Janusz Glab by VER, Inc., the Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, is entitled to recover pecuniary damages to the beneficiaries of the Estate of Janusz Glab, pursuant to R.I. Gen. Law §10-7-1.1.

42. As a proximate result of the reckless service of liquor to Janusz Glab by VER, Inc., the Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, is entitled to recover punitive damages from the Defendant, VER, Inc., pursuant to R.I. Gen. Law §3-14-8(b).

WHEREFORE, the Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, demands judgment against the Defendant, VER, Inc., in the amount of $1,000,000.00, together with interest and costs.

COUNT II

Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab v. VER, Inc.

(WRONGFUL DEATH – PAIN AND SUFFERING)

43. The Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, reiterates the allegations set forth in paragraphs 1 through 36 above.

44. On January 19, 2004, the Defendant, VER, Inc., through its agents and employees, recklessly served liquor to Janusz Glab at Finback's.

45. On January 19, 2004, the Defendant, VER, Inc., through its agents and employees, intentionally served liquor to Janusz Glab when its servers knew that Janusz Glab was visibly intoxicated, and its servers consciously disregarded an obvious and substantial risk that serving liquor to Janusz Glab would cause physical harm to Janusz Glab or to others.

46. As a proximate result of VER, Inc.'s reckless service of liquor to Janusz Glab on January 19, 2004, Janusz Glab was caused to drown.

47. As a proximate result of VER, Inc.'s reckless service of liquor to Janusz Glab on January 19, 2004, Janusz Glab was caused pain and suffering prior to his death.

48. As a proximate result of the reckless service of liquor to Janusz Glab by VER, Inc., the Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, is entitled to recover damages for the pain and suffering endured by Janusz Glab prior to his death, pursuant to R.I. Gen. Law §10-7-7.

WHEREFORE, the Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, demands judgment against the Defendant, VER, Inc., in the amount of $1,000,000.00, together with interest and costs.

COUNT III

Ursula Glab v. VER, Inc.

(WRONGFUL DEATH - LOSS OF CONSORTIUM)

49. The Plaintiff, Ursula Glab, reiterates the allegations set forth in paragraphs 1 through 36 above.

50. As a proximate result of VER, Inc.'s reckless service of liquor to Janusz Glab on January 19, 2004, the Plaintiff, Ursula Glab, has suffered the loss of Janusz Glab's consortium.

WHEREFORE, the Plaintiff, Ursula Glab, demands judgment against the Defendant, VER, Inc., in the amount of $500,000.00, together with interest and costs.

COUNT IV

Nicole Glab v. VER, Inc.

(WRONGFUL DEATH - LOSS OF CONSORTIUM)

51. The Plaintiff, Nicole Glab, reiterates the allegations set forth in paragraphs 1 through 36 above.

52. As a proximate result of VER, Inc.'s reckless service of liquor to Janusz Glab on January 19, 2004, the Plaintiff, Nicole Glab, has suffered the loss of Janusz Glab's parental society and companionship.

WHEREFORE, the Plaintiff, Nicole Glab, demands judgment against the Defendant, VER, Inc., in the amount of $500,000.00, together with interest and costs.

COUNT V

Maya Colleen Glab v. VER, Inc.

(WRONGFUL DEATH - LOSS OF CONSORTIUM)

53. The Plaintiff, Maya Colleen Glab, reiterates the allegations set forth in paragraphs 1 through 36 above.

54. As a proximate result of VER, Inc.'s reckless service of liquor to Janusz Glab on January 19, 2004, the Plaintiff, Maya Colleen Glab, has suffered the loss of Janusz Glab's parental society and companionship.

WHEREFORE, the Plaintiff, Maya Colleen Glab, demands judgment against the Defendant, VER, Inc., in the amount of $500,000.00, together with interest and costs.

COUNT VI

Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab v. Daniel J. Ryan

(WRONGFUL DEATH – PECUNIARY DAMAGES)

55. The Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, reiterates the allegations set forth in paragraphs 1 through 36 above.

56. On January 19, 2004, the Defendant, Daniel J. Ryan, through his agents and employees, recklessly served liquor to Janusz Glab at Finback's.

57. On January 19, 2004, the Defendant, Daniel J. Ryan, through his agents and employees, intentionally served liquor to Janusz Glab when his servers knew that Janusz Glab was visibly intoxicated, and his servers consciously disregarded an obvious and substantial risk that serving liquor to Janusz Glab would cause physical harm to Janusz Glab or to others.

58. As a proximate result of Daniel J. Ryan's, his agents or employees' reckless

service of liquor to Janusz Glab on January 19, 2004, Janusz Glab was caused to drown.

59. As a proximate result of the reckless service of liquor to Janusz Glab by Daniel J. Ryan's, his agents or employees, the Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, is entitled to recover pecuniary damages to the beneficiaries of the Estate of Janusz Glab, pursuant to R.I. Gen. Law §10-7-1.1.

60. As a proximate result of the reckless service of liquor to Janusz Glab by Daniel J. Ryan's, his agents or employees, the Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, is entitled to recover punitive damages from the Defendant, Daniel J. Ryan, pursuant to R.I. Gen. Law §3-14-8(b).

WHEREFORE, the Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, demands judgment against the Defendant, Daniel J. Ryan, in the amount of $1,000,000.00, together with interest and costs.

COUNT VII

Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab v. Daniel J. Ryan

(WRONGFUL DEATH – PAIN AND SUFFERING)

61. The Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, reiterates the allegations set forth in paragraphs 1 through 36 above.

62. On January 19, 2004, the Defendant, Daniel J. Ryan, through his agents and employees, recklessly served liquor to Janusz Glab at Finback's.

63. On January 19, 2004, the Defendant, Daniel J. Ryan, through his agents and employees, intentionally served liquor to Janusz Glab when his servers knew that Janusz Glab was visibly intoxicated, and his servers consciously disregarded an obvious and substantial risk

that serving liquor to Janusz Glab would cause physical harm to Janusz Glab or to others.

64. As a proximate result of Daniel J. Ryan's, his agents or employees' reckless service of liquor to Janusz Glab on January 19, 2004, Janusz Glab was caused to drown.

65. As a proximate result of Daniel J. Ryan's, his agents or employees' reckless service of liquor to Janusz Glab on January 19, 2004, Janusz Glab was caused pain and suffering prior to his death.

66. As a proximate result of the reckless service of liquor to Janusz Glab by Daniel J. Ryan's, his agents or employees, the Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, is entitled to recover damages for the pain and suffering endured by Janusz Glab prior to his death, pursuant to R.I. Gen. Law §10-7-7.

WHEREFORE, the Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, demands judgment against the Defendant, Daniel J. Ryan, in the amount of $1,000,000.00, together with interest and costs.

COUNT VIII

Ursula Glab v. Daniel J. Ryan

(WRONGFUL DEATH - LOSS OF CONSORTIUM)

67. The Plaintiff, Ursula Glab, reiterates the allegations set forth in paragraphs 1 through 36 above.

68. As a proximate result of Daniel J. Ryan's, his agents or employees' reckless service of liquor to Janusz Glab on January 19, 2004, the Plaintiff, Ursula Glab, has suffered the loss of Janusz Glab's consortium.

WHEREFORE, the Plaintiff, Ursula Glab, demands judgment against the Defendant,

Daniel J. Ryan, in the amount of $500,000.00, together with interest and costs.

COUNT IX

Nicole Glab v. Daniel J. Ryan

(WRONGFUL DEATH - LOSS OF CONSORTIUM)

69. The Plaintiff, Nicole Glab, reiterates the allegations set forth in paragraphs 1 through 36 above.

70. As a proximate result of Daniel J. Ryan's, his agents or employees' reckless service of liquor to Janusz Glab on January 19, 2004, the Plaintiff, Nicole Glab, has suffered the loss of Janusz Glab's parental society and companionship.

WHEREFORE, the Plaintiff, Nicole Glab, demands judgment against the Defendant, Daniel J. Ryan, in the amount of $500,000.00, together with interest and costs.

COUNT X

Maya Colleen Glab v. Daniel J. Ryan

(WRONGFUL DEATH - LOSS OF CONSORTIUM)

72. The Plaintiff, Maya Colleen Glab, reiterates the allegations set forth in paragraphs 1 through 36 above.

73. As a proximate result of Daniel J. Ryan's, his agents or employees' reckless service of liquor to Janusz Glab on January 19, 2004, the Plaintiff, Maya Colleen Glab, has suffered the loss of Janusz Glab's parental society and companionship.

WHEREFORE, the Plaintiff, Maya Colleen Glab, demands judgment against the Defendant, Daniel J. Ryan, in the amount of $500,000.00, together with interest and costs.

COUNT XI

Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab v. Wheelhouse Tavern, LLC

(WRONGFUL DEATH – PECUNIARY DAMAGES)

74. The Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, reiterates the allegations set forth in paragraphs 1 through 36 above.

75. On January 19, 2004, the Defendant, Wheelhouse Tavern, LLC, through its agents and employees, recklessly served liquor to Janusz Glab at the Wheelhouse Tavern.

76. On January 19, 2004, the Defendant, Wheelhouse Tavern, LLC, through its agents and employees, intentionally served liquor to Janusz Glab when its servers knew that Janusz Glab was visibly intoxicated, and its servers consciously disregarded an obvious and substantial risk that serving liquor to Janusz Glab would cause physical harm to Janusz Glab or to others.

77. As a proximate result of Wheelhouse Tavern, LLC's reckless service of liquor to Janusz Glab on January 19, 2004, Janusz Glab was caused to drown.

78. As a proximate result of the reckless service of liquor to Janusz Glab by Wheelhouse Tavern, LLC, the Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, is entitled to recover pecuniary damages to the beneficiaries of the Estate of Janusz Glab, pursuant to R.I. Gen. Law §10-7-1.1.

79. As a proximate result of the reckless service of liquor to Janusz Glab by Wheelhouse Tavern, LLC, the Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, is entitled to recover punitive damages from the Defendant, Wheelhouse Tavern, LLC, pursuant to R.I. Gen. Law §3-14-8(b).

WHEREFORE, the Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, demands judgment against the Defendant, Wheelhouse Tavern, LLC, in the amount of $1,000,000.00, together with interest and costs.

COUNT XII

Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab v. Wheelhouse Tavern, LLC

(WRONGFUL DEATH – PAIN AND SUFFERING)

80. The Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, reiterates the allegations set forth in paragraphs 1 through 36 above.

81. On January 19, 2004, the Defendant, Wheelhouse Tavern, LLC, through its agents and employees, recklessly served liquor to Janusz Glab at the Wheelhouse Tavern.

82. On January 19, 2004, the Defendant, Wheelhouse Tavern, LLC, through its agents and employees, intentionally served liquor to Janusz Glab when its servers knew that Janusz Glab was visibly intoxicated, and its servers consciously disregarded an obvious and substantial risk that serving liquor to Janusz Glab would cause physical harm to Janusz Glab or to others.

83. As a proximate result of Wheelhouse Tavern, LLC's reckless service of liquor to Janusz Glab on January 19, 2004, Janusz Glab was caused to drown.

84. As a proximate result of Wheelhouse Tavern, LLC's reckless service of liquor to Janusz Glab on January 19, 2004, Janusz Glab was caused pain and suffering prior to his death.

85. As a proximate result of the reckless service of liquor to Janusz Glab by Wheelhouse Tavern, LLC, the Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, is entitled to recover damages for the pain and suffering endured by

WHEREFORE, the Plaintiff, Nicole Glab, demands judgment against the Defendant, Wheelhouse Tavern, LLC, in the amount of $500,000.00, together with interest and costs.

COUNT XV

90. The Plaintiff, Maya Colleen Glab, reiterates the allegations set forth in paragraphs 1 through 36 above.

91. As a proximate result of Wheelhouse Tavern, LLC's reckless service of liquor to Janusz Glab on January 19, 2004, the Plaintiff, Maya Colleen Glab, has suffered the loss of Janusz Glab's parental society and companionship.

WHEREFORE, the Plaintiff, Maya Colleen Glab, demands judgment against the Defendant, Wheelhouse Tavern, LLC, in the amount of $500,000.00, together with interest and costs.

COUNT XVI

Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab v. Galiliee Holdings, LLC

(WRONGFUL DEATH – PECUNIARY DAMAGES)

92. The Plaintiff, Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab, reiterates the allegations set forth in paragraphs 1 through 36 above.

93. On January 19, 2004, the Defendant, Galilee Holdings, LLC, through its agents and employees, recklessly served liquor to Janusz Glab at the Wheelhouse Tavern.

94. On January 19, 2004, the Defendant, Galilee Holdings, LLC, through its agents



617-523-1000

Dated: