UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

URSULA GLAB, INDIVIDUALLY AND AS THE DULY APPOINTED ADMINISTRATIX OF THE ESTATE OF JANUSZ GLAB, NICOLE GLAB and MAYA COLLEEN GLAB
Plaintiffs

vs. C.A. No. 05-289 ML

VER, INC., DANIEL J. RYAN, WHEELHOUSE TAVERN, LLC and GALILEE HOLDINGS, LLC
Defendants

**DEFENDANT, GALILEE HOLDINGS, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT**

Galilee Holdings, LLC, ("Defendant") hereby responds to the allegations contained in the Plaintiffs' Complaint as follows:

## The Parties

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. Defendant admits the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. Defendant admits the allegations contained in paragraph 9 of Plaintiffs' Complaint.

**The restaurants and liquor licenses – ownership, operation and control**

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25. Defendant admits the allegations contained in paragraph 25 of Plaintiffs' Complaint.

**The service of alcoholic beverages**

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. Defendant admits the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

**The death of Janusz Glab**

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiffs' Complaint.

**Jurisdiction**

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiffs' Complaint.

**COUNT I**
**Ursula Glab, as the duly appointed Administratrix of the Estate of Janusz Glab vs. VER, Inc.**

**(WRONGFUL DEATH – PECUNIARY DAMAGES)**

37. Defendant incorporates herein by reference its answers to paragraphs 1 through 36.

38. – 42. Paragraphs 38 through 42 of Plaintiffs' complaint set forth claims against a party other than this defendant and therefore no response is required to said allegations by this defendant; to the extent that any of said allegations are intended or deemed to allege that this defendant breached any legal duty owing to the plaintiff, denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT II**
**Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab vs. VER, Inc.**

**(WRONGFUL DEATH – PAIN AND SUFFERING)**

43. Defendant incorporates herein by reference its answers to paragraphs 1 through 42.

44. – 48. Paragraphs 44 through 48 of Plaintiffs' complaint set forth claims against a party other than this defendant and therefore no response is required to said allegations by this defendant; to the extent that any of said allegations are intended or deemed to allege that this defendant breached any legal duty owing to the plaintiff, denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT III**
**Ursula Glab vs. VER, Inc.**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

49. Defendant incorporates herein by reference its answers to paragraphs 1 through 48.

50. Paragraph 50 of Plaintiffs' complaint set forth claims against a party other than this defendant and therefore no response is required to said allegations by this defendant; to the extent that any of said allegations are intended or deemed to allege that this defendant breached any legal duty owing to the plaintiff, denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT IV**
**Nicole Glab vs. VER, Inc.**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

51. Defendant incorporates herein by reference its answers to paragraphs 1 through 50.

52. Paragraph 52 of Plaintiffs' complaint set forth claims against a party other than this defendant and therefore no response is required to said allegations by this defendant; to the extent that any of said allegations are intended or deemed to allege that this defendant breached any legal duty owing to the plaintiff, denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT V**
**Maya Colleen Glab vs. VER, Inc.**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

53. Defendant incorporates herein by reference its answers to paragraphs 1 through 52.

54. Paragraph 54 of Plaintiffs' complaint set forth claims against a party other than this defendant and therefore no response is required to said allegations by this defendant; to the extent that any of said allegations are intended or deemed to allege that this defendant breached any legal duty owing to the plaintiff, denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT VI**
**Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab vs. Daniel J. Ryan**

**(WRONGFUL DEATH – PECUNIARY DAMAGES)**

55. Defendant incorporates herein by reference its answers to paragraphs 1 through 54.

56. – 60. Paragraphs 56 through 60 of Plaintiffs' complaint set forth claims against a party other than this defendant and therefore no response is required to said allegations by this defendant; to the extent that any of said allegations are intended or deemed to allege that this defendant breached any legal duty owing to the plaintiff, denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT VII**
**Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab vs. Daniel J. Ryan**

**(WRONGFUL DEATH – PAIN AND SUFFERING)**

61. Defendant incorporates herein by reference its answers to paragraphs 1 through 60.

62. – 66. Paragraphs 62 through 66 of Plaintiffs' complaint set forth claims against a party other than this defendant and therefore no response is required to said allegations by this defendant; to the extent that any of said allegations are intended or deemed to allege that this defendant breached any legal duty owing to the plaintiff, denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT VIII**
**Ursula Glab vs. Daniel J. Ryan**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

67. Defendant incorporates herein by reference its answers to paragraphs 1 through 66.

68. Paragraph 68 of Plaintiffs' complaint set forth claims against a party other than this defendant and therefore no response is required to said allegations by this defendant; to the extent that any of said allegations are intended or deemed to allege that this defendant breached any legal duty owing to the plaintiff, denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT IX**
**Nicole Glab vs. Daniel J. Ryan**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

69. Defendant incorporates herein by reference its answers to paragraphs 1 through 68.

70. Paragraph 70 of Plaintiffs' complaint set forth claims against a party other than this defendant and therefore no response is required to said allegations by this defendant; to the extent that any of said allegations are intended or deemed to allege that this defendant breached any legal duty owing to the plaintiff, denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT X**
**Maya Colleen Glab vs. Daniel J. Ryan**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

72.(sic) Defendant incorporates herein by reference its answers to paragraphs 1 through 70.

73. Paragraph 73 of Plaintiffs' complaint set forth claims against a party other than this defendant and therefore no response is required to said allegations by this defendant; to the extent that any of said allegations are intended or deemed to allege that this defendant breached any legal duty owing to the plaintiff, denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT XI**
**Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab vs. Wheelhouse Tavern, LLC**

**(WRONGFUL DEATH – PECUNIARY DAMAGES)**

74. Defendant incorporates herein by reference its answers to paragraphs 1 through 73.

75. – 79. Paragraphs 75 through 79 of Plaintiffs' complaint set forth claims against a party other than this defendant and therefore no response is required to said allegations by this defendant; to the extent that any of said allegations are intended or deemed to allege that this defendant breached any legal duty owing to the plaintiff, denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT XII**
**Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab vs. Wheelhouse Tavern, LLC**

**(WRONGFUL DEATH – PAIN AND SUFFERING)**

80. Defendant incorporates herein by reference its answers to paragraphs 1 through 79.

81. – 85. Paragraphs 81 through 85 of Plaintiffs' complaint set forth claims against a party other than this defendant and therefore no response is required to said allegations by this defendant; to the extent that any of said allegations are intended or deemed to allege that this defendant breached any legal duty owing to the plaintiff, denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT XIII**
**Ursula Glab vs. Wheelhouse Tavern, LLC**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

86. Defendant incorporates herein by reference its answers to paragraphs 1 through 85.

87. Paragraph 87 of Plaintiffs' complaint set forth claims against a party other than this defendant and therefore no response is required to said allegations by this defendant; to the extent that any of said allegations are intended or deemed to allege that this defendant breached any legal duty owing to the plaintiff, denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT XIV**
**Nicole Glab vs. Wheelhouse Tavern, LLC**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

88. Defendant incorporates herein by reference its answers to paragraphs 1 through 87.

89. Paragraph 89 of Plaintiffs' complaint set forth claims against a party other than this defendant and therefore no response is required to said allegations by this defendant; to the extent that any of said allegations are intended or deemed to allege that this defendant breached any legal duty owing to the plaintiff, denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT XV**
**Maya Colleen Glab vs. Wheelhouse Tavern, LLC**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

90. Defendant incorporates herein by reference its answers to paragraphs 1 through 89.

91. Paragraph 91 of Plaintiffs' complaint set forth claims against a party other than this defendant and therefore no response is required to said allegations by this defendant; to the extent that any of said allegations are intended or deemed to allege that this defendant breached any legal duty owing to the plaintiff, denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT XVI**
**Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab vs. Galilee Holdings, LLC**

**(WRONGFUL DEATH – PECUNIARY DAMAGES)**

92. Defendant incorporates herein by reference its answers to paragraphs 1 through 91.

93. Defendant denies the allegations contained in paragraph 93, Count XVI, of Plaintiffs' Complaint.

94. Defendant denies the allegations contained in paragraph 94, Count XVI, of Plaintiffs' Complaint.

95. Defendant denies the allegations contained in paragraph 95, Count XVI, of Plaintiffs' Complaint.

96. Defendant denies the allegations contained in paragraph 96, Count XVI, of Plaintiffs' Complaint.

97. Defendant denies the allegations contained in paragraph 97, Count XVI, of Plaintiffs' Complaint.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT XVII**
**Ursula Glab, as the duly appointed administratrix of the Estate of Janusz Glab vs. Galilee Holdings, LLC**

**(WRONGFUL DEATH – PAIN AND SUFFERING)**

98. Defendant incorporates herein by reference its answers to paragraphs 1 through 97.

99. Defendant denies the allegations contained in paragraph 99, Count XVII, of Plaintiffs' complaint.

100. Defendant denies the allegations contained in paragraph 100, Count XVII, of Plaintiffs' complaint.

101. Defendant denies the allegations contained in paragraph 101, Count XVII, of Plaintiffs' complaint.

102. Defendant denies the allegations contained in paragraph 102, Count XVII, of Plaintiffs' complaint.

103. Defendant denies the allegations contained in paragraph 103, Count XVII, of Plaintiffs' complaint.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT XVIII**
**Ursula Glab vs. Galilee Holdings, LLC**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

105.(sic) Defendant incorporates herein by reference its answers to paragraphs 1 through 103.

106. Defendant denies the allegations contained in paragraph 106, Count XVIII, of Plaintiffs' complaint.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT XIX**
**Nicole Glab vs. Galilee Holdings, LLC**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

107. Defendant incorporates herein by reference its answers to paragraphs 1 through 106.

108. Defendant denies the allegations contained in paragraph 108, Count XIX, of Plaintiffs' complaint.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**COUNT XX**
**Maya Colleen Glab vs. Galilee Holdings, LLC**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

109. Defendant incorporates herein by reference its answers to paragraphs 1 through 108.

110. Defendant denies the allegations contained in paragraph 110, Count XX, of Plaintiffs' complaint.

WHEREFORE, Defendant demands judgment dismissing the Complaint and for costs, attorney's fees and for any other or further relief which this court deems equitable and just.

**AFFIRMATIVE DEFENSES AS TO ALL COUNTS**

1. The Defendant asserts the defense of assumption of the risk.

2. The Defendant asserts the defense of contributory or comparative negligence.

3. Any damages sustained by Plaintiff were caused by the acts of other parties or persons for whom this Defendant is not responsible.

4. Plaintiffs' Complaint fails to state a claim upon which relief may be granted, pursuant to the provisions of R.I.G.L. §3-14-6.

5. Plaintiffs' Complaint fails to state a claim upon which relief may be granted, pursuant to R.I.G.L. §10-7-7.

6. Plaintiffs' have failed to name an indispensable party pursuant to F.R.C.P. 19.

## JURY DEMAND

Defendant demands a trial by jury to the fullest extent allowed by law.

Defendant,
Galilee Holdings, LLC
By its Attorney,

Donna M. Lamontagne (#5138)
Zizik, Powers, O'Connell, Spaulding
& Lamontagne
40 Westminster Street, Suite 201
Providence, RI 02903
(401) 421-7110
(401) 421-7111 Fax

## CERTIFICATION OF SERVICE

I hereby certify that on the 19th day of August, 2005 I caused the original of the within Answer to be mailed to the United States Federal Court, District of Rhode Island and a true copy to be mailed to **Merlyn P. O'Keefe, Esq.**, Packer & O'Keefe, 1220 Kingstown Road, Peace Dale, RI 02879 and **David J. Berg, Esq.,** Latti & Anderson, LLP, 30-31 Union Wharf, Boston, MA 02109, via first-class pre-paid postage.

Zizik, Powers, O'Connell, Spaulding
& Lamontagne