UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| URSULA GLAB, INDIVIDUALLY AND AS THE DULY APPOINTED ADMINISTRATGRIX OF THE ESTATE OF JANUSZ GLAB, NICOLE GLAB, and MAYA COLLEEN GLAB, Plaintiffs | : | |
| VS. | : | C. A. No. 05-289/ML |
| VER, INC., DANIEL J. RYAN, WHEELHOUSE TAVERN, LLC, and GALILEE HOLDINGS, LLC, Defendants | : | |

**ANSWER OF DEFENDANTS VER, INC. AND DANIEL J. RYAN TO THE PLAINTIFFS' COMPLAINT**

Now come the defendants, VER, Inc. and Daniel J. Ryan, as respond to the plaintiffs' complaint, paragraph by paragraph, as follows:

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and call upon the plaintiffs to prove the same.

2. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and call upon the plaintiffs to prove the same.

3. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and call upon the plaintiffs to prove the same.

4. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and call upon the plaintiffs to prove the same.

5. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and call upon the plaintiffs to prove the same.

6. VER, Inc. admits the allegations contained in paragraph 6 of the plaintiffs' complaint.

7. Daniel J. Ryan admits the allegations contained in paragraph 7 of the plaintiffs' complaint.

8. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and call upon the plaintiffs to prove the same.

9. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and call upon the plaintiffs to prove the same.

**The restaurants and liquor licenses – ownership, operation and control**

10. The defendants admit the allegations contained in paragraph 10 of the plaintiffs' complaint.

11. The defendants admit the allegations contained in paragraph 11 of the plaintiffs' complaint.

12. The defendants admit the allegations contained in paragraph 12 of the plaintiffs' complaint.

13. The defendants admit the allegations contained in paragraph 13 of the plaintiffs' complaint.

14. The defendants deny the allegations contained in paragraph 14 of the plaintiffs' complaint.

15. The defendants deny the allegations contained in paragraph 15 of the plaintiffs' complaint.

16. The defendants deny the allegations contained in paragraph 16 of the plaintiffs' complaint.

17. The defendants deny the allegations contained in paragraph 17 of the plaintiffs' complaint.

18. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of plaintiffs' complaint.

19. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of plaintiffs' complaint.

20. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of plaintiffs' complaint.

21. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of plaintiffs' complaint.

22. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of plaintiffs' complaint.

23. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of plaintiffs' complaint.

24. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of plaintiffs' complaint.

25. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of plaintiffs' complaint.

**The service of alcoholic beverages**

26. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of plaintiffs' complaint.

27. The defendants deny the allegations contained in paragraph 27 of plaintiff's complaint.

28. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of plaintiffs' complaint.

29. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of plaintiffs' complaint.

**The death of Janusz Glab**

30. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of plaintiffs' complaint.

31. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of plaintiffs' complaint.

32. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of plaintiffs' complaint.

33. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of plaintiffs' complaint.

34. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of plaintiffs' complaint.

34. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of plaintiffs' complaint.

35. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of plaintiffs' complaint.

**Jurisdiction**

36. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of plaintiffs' complaint.

**COUNT I**

**Ursula Glab, as the duly appointed Administratrix of the Estate of Janusz Glab v. VER, Inc.**

**(WRONGFUL DEATH – PECUNIARY DAMAGES)**

37. The defendants repeat and reallege their responses to paragraphs 1 through 36 as if expressly set forth herein.

38. The defendants deny the allegations contained in paragraph 38 of plaintiff's complaint.

39. The defendants deny the allegations contained in paragraph 39 of plaintiff's complaint.

40. The defendants deny the allegations contained in paragraph 40 of plaintiff's complaint.

41. The defendants deny the allegations contained in paragraph 41 of plaintiff's complaint.

42. The defendants deny the allegations contained in paragraph 42 of plaintiff's complaint.

**COUNT II**

**Ursula Glab, as the duly appointed Administratrix of the Estate of Janusz Glab v. VER, Inc.**

**(WRONGFUL DEATH – PAIN AND SUFFERING)**

43. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

44. The defendants deny the allegations contained in paragraph 44 of plaintiff's complaint.

45. The defendants deny the allegations contained in paragraph 45 of plaintiff's complaint.

46. The defendants deny the allegations contained in paragraph 46 of plaintiff's complaint.

47. The defendants deny the allegations contained in paragraph 47 of plaintiff's complaint.

48. The defendants deny the allegations contained in paragraph 48 of plaintiff's complaint.

**COUNT III**

**Ursula Glab v. VER, Inc.**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

49. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

50. The defendants deny the allegations contained in paragraph 50 of plaintiff's complaint.

**COUNT IV**

**Nicole Glab v. VER, Inc.**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

51. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

52. The defendants deny the allegations contained in paragraph 52 of plaintiff's complaint.

**COUNT V**

**Maya Colleen Glab v. VER, Inc.**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

53. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

54. The defendants deny the allegations contained in paragraph 52 of plaintiff's complaint.

**COUNT VI**

**Ursula Glab, as the duly appointed Administratrix of the Estate of Janusz Glab v. Daniel J. Ryan**

**(WRONGFUL DEATH – PECUNIARY DAMAGES)**

55. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

56. The defendants deny the allegations contained in paragraph 52 of plaintiff's complaint.

57. The defendants deny the allegations contained in paragraph 52 of plaintiff's complaint.

58. The defendants deny the allegations contained in paragraph 52 of plaintiff's complaint.

59. The defendants deny the allegations contained in paragraph 52 of plaintiff's complaint.

60. The defendants deny the allegations contained in paragraph 52 of plaintiff's complaint.

## COUNT VII

**Ursula Glab, as the duly appointed Administratrix of the Estate of Janusz Glab v. Daniel J. Ryan**

**(WRONGFUL DEATH – PAIN AND SUFFERING)**

61. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

62. The defendants deny the allegations contained in paragraph 52 of plaintiff's complaint.

63. The defendants deny the allegations contained in paragraph 52 of plaintiff's complaint.

64. The defendants deny the allegations contained in paragraph 52 of plaintiff's complaint.

65. The defendants deny the allegations contained in paragraph 52 of plaintiff's complaint.

66. The defendants deny the allegations contained in paragraph 52 of plaintiff's complaint.

**COUNT VIII**

**Ursula Glab v. Daniel J. Ryan**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

67. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

68. The defendants deny the allegations contained in paragraph 52 of plaintiff's complaint.

**COUNT XI**

**Nicole Glab v. Daniel J. Ryan**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

69. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

70. The defendants deny the allegations contained in paragraph 52 of plaintiff's complaint.

**COUNT X**

**Maya Colleen Glab v. Daniel J. Ryan**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

72. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

73. The defendants deny the allegations contained in paragraph 52 of plaintiff's complaint.

## COUNT XI

**Ursula Glab, as the duly appointed Administratrix of the Estate of Janusz Glab v. Wheelhouse Tavern, LLC**

**(WRONGFUL DEATH – PUCUNIARY DAMAGES)**

74. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

75.-79. As to these allegations, which refer to a co-defendant, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and call upon the plaintiffs to prove the same.

## COUNT XII

**Ursula Glab, as the duly appointed Administratrix of the Estate of Janusz Glab v. Wheelhouse Tavern, LLC**

**(WRONGFUL DEATH – PAIN AND SUFFERING)**

80. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

81.-85. As to these allegations, which refer to a co-defendant, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and call upon the plaintiffs to prove the same.

## COUNT XIII

**Ursula Glab v. Wheelhouse Tavern, LLC**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

86. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

87. As to these allegations, which refer to a co-defendant, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and call upon the plaintiffs to prove the same.

**COUNT XIV**

**Nicole Glab v. Wheelhouse Tavern, LLC**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

88. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

89. As to these allegations, which refer to a co-defendant, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and call upon the plaintiffs to prove the same.

**COUNT XV**

**Maya Colleen Glab v. Wheelhouse Tavern, LLC**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

90. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

91. As to these allegations, which refer to a co-defendant, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and call upon the plaintiffs to prove the same.

**COUNT XVI**

**Ursula Glab, as the duly appointed Administratrix of the Estate of Janusz Glab v. Galilee Holdings, LLC**

**(WRONGFUL DEATH – PECUINARY DAMAGES)**

92. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

93.-97. As to these allegations, which refer to a co-defendant, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and call upon the plaintiffs to prove the same.

**COUNT XVII**

**Ursula Glab, as the duly appointed Administratrix of the Estate of Janusz Glab v. Galilee Holdings, LLC**

**(WRONGFUL DEATH – PAIN AND SUFFERING)**

98. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

99.-103. As to these allegations, which refer to a co-defendant, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and call upon the plaintiffs to prove the same.

**COUNT XVIII**

**Ursula Glab v. Galilee Holdings, LLC**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

105. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

106. As to these allegations, which refer to a co-defendant, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and call upon the plaintiffs to prove the same.

**COUNT XIX**

**Nicole Glab v. Galilee Holdings, LLC**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

107. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

108. As to these allegations, which refer to a co-defendant, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and call upon the plaintiffs to prove the same.

**CPIMT XX**

**Maya Colleen Glab v. Galilee Holdings, LLC**

**(WRONGFUL DEATH – LOSS OF CONSORTIUM)**

109. The defendants repeat and reallege their responses to paragraph 1 through 36 as if expressly set forth herein.

110. As to these allegations, which refer to a co-defendant, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and call upon the plaintiffs to prove the same.

**FIRST AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred because the plaintiff, Janusz Glab, assumed the risk of the injuries alleged.

**SECOND AFFIRMATIVE DEFENSE**

The negligence of the plaintiff, Janusz Glab, contributed to the injuries claimed in this complaint, and this negligence should reduce any recovery pursuant to R.I.G.L. § 9-20-4.

WHEREFORE, the defendants VER, Inc. and Daniel J. Ryan pray that this Court:

A. Enter judgment for these defendants, dismissing all claims;

B. Award these defendants their costs, expenses and attorneys' fees.

C. Grant such further relief as this Court may deem just.

The defendants VER, Inc. and Daniel J. Ryan demand a trial by jury on all counts and designate David E. Maglio as trial counsel.

VER, INC. and
DANIEL J. RYAN

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES, P.C.

David E. Maglio

David E. Maglio #3459
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903
(401) 831-5400
(401) 831-7979 Fax

Dated: August 23, 2005

**CERTIFICATE OF SERVICE**

To:

Merlin P. O'Keefe, Esq.
Packer & O'Keefe
1220 Kingstown Road
Peace Dale, Rhode Island 02879

David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, Massachusetts 02109

I hereby certify that on the 23 nd day of August, 2005, I caused a true copy of the within *Answer of Defendants VER, Inc. and Daniel J. Ryan to Plaintiffs' Complaint* to be mailed to the above-listed attorneys.

Nancy O' Donnell

h\pending\Answer of VER and D. Ryan to pltfs' compl 82305.doc